OPINION
Defendants-appellants Hazel Merritt and Randall Merritt appeal the August 20, 1998 Judgment Entry of the Fairfield County Court of Common Pleas, quieting title and fixing condemnation damages. Plaintiffs-appellees are the Fairfield County Commissioners.
 STATEMENT OF THE FACTS AND CASE
This matter arises out of a condemnation action filed on September 21, 1992, by appellees. Via Judgment Entry dated September 22, 1992, the trial court found the "take" was necessary for highway purposes. However, on September 28, 1992, appellants filed a motion for a restraining order seeking to block appellees' immediate taking of the property. This motion was overruled in a Judgment Entry dated October 23, 1992. The trial court scheduled a trial on the issue of damages for June 30, 1993. The trial was continued a number of times, either sua sponte by the court or at the request of the parties. On July 14, 1994, the trial court issued an Agreed Journal Entry granting appellants leave to amend their answer and jury demand. Appellants were also granted leave to file a counterclaim in mandamus to abandon the unused portions of the highway, and for declaratory judgment in regard to ownership of a covered bridge; to add Fairfield County Park District as an interested party; to file a third party complaint to quiet title; and to add John and Mary Tansky as necessary parties. On the same day, appellants filed their counterclaim against appellees. Thereafter, appellants filed a third party complaint against their neighbors, the Tanskys. The Tanskys owned property abutting defendants' southern property boundary. The two properties were roughly divided by a stream known as Clearcreek. This boundary dispute became very important in valuing appellants' property relative to the issue of damages on the condemnation. On June 12, 1996, the Tanskys conveyed their interest in the disputed property to appellees. Appellants then dismissed the Tanskys as parties, and substituted appellees in their stead. On July 27, 1995, the trial court ordered a survey performed on the properties in question to establish the true southern boundary line of appellants' property. This survey was performed by Rodney McFarland, P.S., and was completed on December 15, 1995. On August 15, 1996, appellees filed their Motion for Summary Judgment seeking a declaration the boundary line between the properties should be set by the survey conducted by McFarland. The trial court scheduled an oral hearing on the motion for September 20, 1996. Although the record does not contain an entry changing the date, the hearing actually took place on August 27, 1997. (Transcript of Hearing at 6). The purpose of the hearing was to resolve the issues raised in appellees' motion for summary judgment. At the hearing, the trial court did, in fact, address the same issues raised in appellees' motion. These issues can be distilled into one: What is the legal description of the property ordered "taken" pursuant to the October 22, 1993 Judgment Entry? This determination obviously affected the valuation of the property, which was to be determined at trial. Because the property had been in appellants' family for such a long period of time, the deed description contained metes and bounds calls based upon markers no longer in existence. Therefore, it was necessary to resurvey the property and create a new legal description. If the southern boundary of appellants' property was found to include Clearcreek, the covered bridge over the creek would be included in the valuation. If appellants' boundary line was ended at the water's edge, the covered bridge would not be included in the valuation. At the hearing, appellees presented the testimony of Rodney McFarland, the professional surveyor hired by the court to conduct the survey. McFarland opined appellants' property line stopped short of the north bank of Clearcreek; therefore, appellants owned no part of the covered bridge. Appellants presented the testimony of Robert Brunner, a civil engineer originally hired by appellees to design the replacement of the covered bridge. It was Brunner's opinion appellants property included portions of the creek as well as the covered bridge. Appellants and Stanley Tansky also testified at the hearing. Appellants claimed they owned the creek, and Mr. Tanksy claimed he had owned the creek before he transferred the property to appellees. After taking the matter under advisement, the trial court granted appellees' motion for summary judgment in a memorandum dated December 9, 1996. On June 2, 1998, the trial court issued a memorandum entry which stated the matter came on for trial on June 2, 1998. The trial court found the value of the property taken was $5,000 for a 1.4392 acre tract as shown on McFarland's survey, but noted appellants' objection; the "take" area was proper; and the covered bridge was not contained within the area taken, with appellants' objection noted again. Via Judgment Entry dated August 20, 1998, the trial court quieted title and declared the above-referenced McFarland legal description to be correct. The trial court also ordered appellees to pay the sum of $5,000 as compensation for the property taken. It is from this judgment entry appellants prosecute their appeal assigning the following errors:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT FINDING THAT APPELLANTS SOUTHERN PROPERTY LINE WAS THE MIDDLE OF A CREEK BORDERING THE PROPERTY.
 II. THE TRIAL COURT ERRED IN RELYING UPON THE EXPERT TESTIMONY OF A SURVEYOR WHOSE CONCLUSIONS WERE NOT BASED UPON A REASONABLE DEGREE OF CERTAINTY.
 III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF REGARDING THE LOCATION OF APPELLANTS SOUTHERN BOUNDARY LINE AS ISSUES OF MATERIAL FACT WERE IN DISPUTE BETWEEN EXPERT WITNESSES WHICH COULD ONLY BE RESOLVED BY THE TRIER OF FACT.
 III
Because we find appellants' third assignment of error to be dispositive of this appeal, we address it first. Appellants argue the trial court erred in granting summary judgment in favor of appellees. Specifically, appellants argue the trial court's granting summary judgment was improper because the factual issue of the boundary line was disputed by the expert witnesses; therefore, the matter should be resolved by a jury. In response, appellees urge this Court to view the trial court's decision not as a ruling on a motion for summary judgment, but rather a ruling after a trial to the court. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. Appellees filed a motion for summary judgment on August 15, 1996. On September 16, 1996, appellees filed Proposed Findings of Fact and Conclusions of Law, which states: This matter came on before the court upon a motion for summary judgment filed by Fairfield County Prosecuting Attorney on behalf of the plaintiff, Board of County Commissioners of Fairfield County, Ohio, and third party defendant, Fairfield County Park District, on August 15, 1996. In lieu of a hearing of motion of summary judgment, the court held trial on the issues presented in the motion for summary judgment on August 27, 1996. (Emphasis added).
Although appellees state a "trial on the issues" had been conducted, appellants filed their trial brief on the same day, raising the same issues heard at the August 27, 1996 hearing as the issues to be determined at trial. Further, neither the parties nor the court treated the August 27, 1996 hearing as a bifurcated trial or a trial conducted over a period of time. The trial court's December 9, 1996 Memorandum includes language indicating the trial court was deciding a motion for summary judgment. In the first paragraph of the Memorandum, the court states: This matter came before the court on plaintiff's and third party defendant's motion for summary judgment and defendant's claim of adverse possession * * * the motion for summary judgment requesting the adoption of Mr. McFarland's survey and to quiet title must be granted. Id. at 3.
It is apparent the trial court weighed conflicting evidence offered at the oral hearing in rendering its decision. A court may not resolve genuine issues of disputed material fact at a summary judgment hearing. The record herein indicates the court was, in fact, making a ruling on a motion for summary judgment. The trial court's Memorandum explicitly concludes: "for the above stated reasons, the motion for summary judgment is granted." Id. at 5. Perhaps the most compelling demonstration of the purpose of the hearing can be found in the exchange between the trial court and the parties' attorneys immediately proceeding the hearing: [Counsel for Appellees]:
 Your Honor, if I may, for the record, just state why at least I believe we're here. And if there's some type of conflict on that, then perhaps we can resolve that.
 I filed a motion for summary judgment on August the 15th. Leave was granted by the Court for that motion to be filed on the 22nd of August of this year. And it's my understanding that in lieu of a summary judgment hearing on September 20th, which this Court had set, that essentially what we are doing is taking testimony here today in order to resolve the two issues that are brought forth in the motion for summary judgment that I filed.
 I think the first issue that we have here is the quiet title action; that is, establishing the boundary between the property of the Merritts and the property of the Tanskys. And we have Rodney McFarland testifying on that. He's also going to be testifying with respect to the second matter which I think this Court is determining today; that is, the actual take of the property by Fairfield County form the Merritts.
 It's our contention in the motion that 1.4392 acres has been taken and that take occurred on or about the 23rd of October of 1992. As the Court recalls, this was a quick take. There was an injunction filed by the Defendants. The Court overruled that motion and the take was done at that point. The bridge on County Road 69 was constructed at that point. So the County has taken the property at this point. I think we're determining what property was taken and how much property was taken at this time.
 Damages are going to be deferred to a hearing or trial before jury.
Is that you understanding, Mr. Kingley?
[Counsel for Appellant]: Yes, Your Honor, it is.
THE COURT: Okay. Very well.
 Transcript of Summary Judgment Hearing filed October 26, 1998, at 6-7 (Emphasis added).
Motions for summary judgment should be granted only when there are no genuine issues of material fact, and judgment should be granted as a matter of law. Civ. R. 56. When presenting a motion for summary judgment, the moving party must point to evidence of record, to demonstrate the absence of any genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280. In this case, the parties do not agree on the facts. Two experts presented conflicting testimony on the location of the boundary line between appellants' property and their neighbors to the south. Because a genuine issue of material fact exits as to the location of the boundary line, the ultimate determination of the issue must be made by the trier of fact at trial, not at a hearing on a motion for summary judgment. Accordingly, we find the trial court erred in granting summary judgment in appellees favor. Appellants' third assignment of error is sustained.
 I II
In light of our disposition of appellants' third assignment of error, we find appellants' first and second assignments of error to be moot.
The judgment of the Fairfield County Court of Common Pleas is reversed and this case remanded to that court for further proceedings consistent with this opinion and law.
By: Hoffman, J. Gwin, P.J. and Edwards, J. concur